1  Andrew D. Skale (SBN 211096)
   askale@mintz.com
2  Ben L. Wagner (SBN 243594)
   bwagner@mintz.com
3  MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
   3580 Carmel Mountain Road, Suite 300
4  San Diego, CA 92130
   Telephone:  (858) 314-1500
5  Facsimile:   (858) 314-1501

6  Attorneys for Plaintiff
   SIERRA NEVADA CORPORATION

7

8                  UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10 | SIERRA NEVADA CORPORATION, | Case No.  '16 CV2629 BTM BLM
11 |                  Plaintiffs, | **COMPLAINT FOR:**
   |            vs. |
12 |                              | **CYBERSQUATTING**
   | JEFF McLAUGHLIN; and DOES 1-10, | **(DREAMCHASER.COM)**
13 | inclusive, | **PURSUANT TO 15 U.S.C. §1125(d)**
14 |                  Defendants. |
15 |                              | **JURY DEMANDED**

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Sierra Nevada Corporation ("SNC" or "Plaintiff") brings suit for cybersquatting against Defendants Jeff McLaughlin ("McLaughlin") and Does 1-10 (collectively "Defendants") and alleges as follows:

## SUMMARY OF ACTION

1.     SNC designs and produces, among many other goods and services, spacecraft and related cargo systems used for outer space exploration.  SNC is well-known for (among other reasons) its Dream Chaser® spacecraft and Dream Chaser® cargo system.  Most recently, in January 2016, NASA competitively selected SNC to receive a multi-year contract to provide cargo delivery, return and disposal services for the International Space Station.

2.     SNC owns multiple federal trademark registrations related to its DREAM CHASER mark in connection with a variety of goods and services. However, it discovered that the website with its exact trademark – dreamchaser.com – is registered to Defendant Jeff McLaughlin.  SNC tried many different avenues to resolve McLaughlin's cybersquatting on the dreamchaser.com domain name in an amicable fashion, but McLaughlin avoided or ignored each of them.  Accordingly, SNC brings this Action against McLaughlin and Does 1-10, inclusive, for willful cybersquatting in violation of 15 U.S.C. § 1125(d).

## THE PARTIES

3.     Plaintiff Sierra Nevada Corporation is a Nevada corporation with its principal place of business at 444 Salomon Circle, Sparks, NV 89434.

4.     On information and belief, Defendant Jeff McLaughlin resides in Federal Way, WA.

5.     McLaughlin is the registrant of the website dreamchaser.com.  A true and correct printout of the ICANN WhoIs results for dreamchaser.com, which contains McLaughlin's listed contact information and registrant status for dreamchaser.com, is attached as Exhibit A.

6. Plaintiff is in the process of confirming the true names and capacities of the defendants designated in this Complaint as DOES 1 through 10, inclusive, and therefore sues these defendants by fictitious names at this time. DOES are affiliates or related entities to the named defendant and, on information and belief, are residing in, or will be present in, the State of California and this judicial district or have transacted business in the State of California during the time period covered by this Complaint, and are subject to the jurisdiction of this Court. Plaintiff will amend its Complaint to include the name or names of said persons or entities when that information is confirmed. Plaintiff is informed and believes, and on that basis alleges, that each of the DOE defendants is in some manner or degree responsible and liable for the acts and omissions alleged herein.

## JURISDICTION AND VENUE

7. This Court's jurisdiction rests upon 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a).

8. Personal jurisdiction exists over McLaughlin because his actions were directed to this District, and the effects of his cybersquatting were experienced by Plaintiff in this District. For example, as described in more detail in this Complaint herein, repeated attempts to contact McLaughlin concerning his unlawful actions were made from San Diego, CA, in this District. For example, multiple demand letters were sent from San Diego, multiple phone calls were made to him from San Diego, and emails were sent to him from San Diego. All listed San Diego contact information for SNC.

9. The trademark application for the mark DREAM CHASER was originally filed by Space Dev, Inc., a corporation having an address of 13855 Stowe Dr., Poway, CA 92064. Plaintiff acquired Space Dev, Inc. in 2008. Thus, significant development of the DREAM CHASER spacecraft occurred in this District, and on information and belief the cybersquatting began while the harm to the trademarks was felt in San Diego, California. Plaintiff maintained a rocket testing

facility for the DREAM CHASER spacecraft in Poway, California (San Diego County) until on or around 2014.

10.     Venue is proper under 28 U.S.C. § 1391 and 28 U.S.C. § 1400 because a significant part of the events and conduct at issue were directed at this District.

### GENERAL ALLEGATIONS

11.     SNC is a privately-held, advanced technology company that was founded in 1963 and provides customer-focused innovative solutions in the areas of aerospace, aviation, electronic, and systems integration.

12.     SNC has been honored as one of "The World's Top 10 Most Innovative Companies in Space."

13.     SNC invented and built the Dream Chaser® spacecraft, a reusable spacecraft designed to be optionally piloted and transport up to seven crew members and cargo to locations in outer space, with the ability to return to earth and land on a runway.

14.     SNC also developed the Dream Chaser® cargo system.

15.     In January 2016, NASA competitively selected SNC to receive a multi-year contract to provide cargo delivery, return and disposal services for the International Space Station.  SNC received a contract to fulfill a minimum of six cargo delivery service missions to and from the International Space Station through 2024.

SNC Owns Numerous U.S. Trademarks for DREAM CHASER

16.     SNC owns multiple valid and enforceable United States Trademarks for the mark DREAM CHASER and logos incorporating the words "Dream Chaser."

17.     U.S. Trademark Reg. No. 3,978,406 for the mark DREAM CHASER is registered in Class 12 for "aircraft, airplanes, space vehicles, namely, astronautical vehicles, aeronautical vehicles, astronautical vehicles and parts therefor…"  A true and correct copy of the 3,978,406 registration and most recent USPTO.gov printout are attached as Exhibit B.

18.    U.S. Trademark Reg. No. 3,944,551 for the mark DREAM CHASER (design) is registered in Class 12 for "aircraft, airplanes, space vehicles, namely, astronautical vehicles, aeronautical vehicles, astronautical vehicles and parts therefor…"  A true and correct copy of the 3,944,551 registration and most recent USPTO.gov printout are attached as Exhibit C.

19.    U.S. Trademark Reg. No. 4,498,149 for the mark DREAM CHASER registered in Class 28 for "scale model vehicles, mainly scale model spacecraft, scale model aircraft, scale model airplanes, paper airplanes, amusement machines, namely, handheld electronic game units for use with an external display screen or monitor…" A true and correct copy of the 4,498,149 registration and most recent USPTO.gov printout are attached as Exhibit D.

20.    U.S. Trademark Reg. No. 4,498,150 for the mark DREAM CHASER (design) is registered in Class 28 for "scale model vehicles, mainly scale model spacecraft, scale model aircraft, scale model airplanes, paper airplanes, amusement machines, namely, handheld electronic game units for use with an external display screen or monitor…"  A true and correct copy of the 4,498,150 registration and most recent USPTO.gov printout are attached as Exhibit E.

21.    U.S. Trademark Reg. No. 4,608,700, for the mark DREAM CHASER is registered in Classes 16, 20, 21, 26, and 42 for numerous goods, including pens, pencils, decals, stickers, bottle openers, drinking glasses, and aerospace technology. A true and correct copy of the 4,608,700 registration and most recent USPTO.gov printout are attached as Exhibit F.

22.    U.S. Trademark Reg. No. 4,806,336, for the mark DREAM CHASER is registered in Class 25 for apparel.  A true and correct copy of the 4,806,336 registration and most recent USPTO.gov printout are attached as Exhibit G.

23.    U.S. Trademark Reg. No. 4,815,602, for the mark DREAM CHASER is registered in Class 9 for numerous goods, including sunglasses, a mobile software application, mobile phone covers, and other goods.  A true and correct copy of the

4,815,602 registration and most recent USPTO.gov printout are attached as Exhibit H.

24.     U.S. Trademark Reg. No. 5,052,678, for the mark DREAM CHASER is registered in Class 39 for "transportation and delivery services of goods by space; transportation of property and cargo by space." A true and correct copy of the 5,052,678 registration and most recent USPTO.gov printout are attached as Exhibit I.

25.     All registrations from Exhibits B to I are incorporated by reference, and collectively these federally registered trademarks are referred to as the DREAM CHASER mark.

26.     All of these registrations were either registered initially by SNC, or have been validly assigned in writing to SNC (along with all goodwill associated therewith). SNC has invested significant time, money, and energy into developing its technology associated with the DREAM CHASER mark, and building up the goodwill associated with the mark. SNC or its predecessors in interest has been using the DREAM CHASER mark as early as 2005, and such mark is famous by virtue of *inter alia* the substantial and continuous media coverage of SNC's DREAM CHASER technologies and spacecraft.

27.     McLaughlin is the current registrant for dreamchaser.com, and has been at all times relevant hereto. On information and belief, McLaughlin is squatting on the dreamchaser.com domain name.

<u>SNC Tried Many Times to Contact McLaughlin, to No Avail</u>

28.     Prior to filing this lawsuit, SNC attempted to contact McLaughlin through multiple avenues over the past year, all of which failed.

29.     Counsel for SNC tried to contact McLaughlin by sending demand letters to his listed address on his domain registration as listed with his registrar and obtained through the WhoIs database (see Exhibit A), but did not receive a response. The listed address is:  PO BOX 223, Auburn, WA, 98071-0223. This address has not been McLaughlin's correct address since at least 2010, but McLaughlin has failed to

update the domain name's registrar with his current mailing address, despite his obligation to do.

30. Counsel for SNC tried calling McLaughlin at the phone number listed on his domain registration, as listed with his registrar and obtained through the WhoIs database (see Exhibit A), but did not reach McLaughlin or receive a call back or a customized voicemail message. Counsel, in fact, tried to reach McLaughlin at every publicly-available phone number associated with him, but did not receive a voicemail or answer by anyone associated with him, and again received no response.

31. Counsel for SNC tried to contact McLaughlin by sending him emails at the information listed on his domain registration as listed with his registrar and obtained through the WhoIs database, but did not receive a response, and the emails received a bounce-back notification stating they were undeliverable.

32. Counsel for SNC even contacted McLaughlin's neighbor, who confirmed he lived at the address on file and confirmed that she would leave a note on the door of McClaughlin's home to call SNC's counsel. On information and belief, the neighbor did just that. But McLaughlin never called the number provided.

33. McLaughlin's intentional avoidance, failure to maintain his contact information as the registrant for the dreamchaser.com domain name, and continued squatting on the dreamchaser.com domain constitutes willful, bad faith cybersquatting in violation of 15 U.S.C. § 1125(d).

## FIRST CAUSE OF ACTION
## CYBERSQUATTING (DREAMCHASER.COM)
### (15 U.S.C. § 1125(d))

34. SNC incorporates by reference all other paragraphs contained in this Complaint as if stated herein.

35. SNC is the owner of U.S. Trademarks Reg. Nos. 3,978,406; 3,944,551; 4,498,149; 4,498,150; 4,608,700; 4,806,336; 4,815,602; and 5,052,678 for the DREAM CHASER marks. SNC owns the exclusive trademarks in the United States

for the DREAM CHASER mark for uses related to the registered goods, as a result of its long and continuous use of the marks on and in connection with those goods. This includes use of the DREAM CHASER mark on and in connection with spacecraft, model spacecraft, drinking glasses, and aerospace technology, among other applications, throughout the United States.

36. The DREAM CHASER trademark has become famous and well-known as a result of *inter alia* SNC's relationship with NASA and the extensive publicity its products have received. True and correct printouts of press and news articles illustrating the significant attention SNC's Dream Chaser technology has received are attached as Exhibits J to M.

37. Each of the federal registrations have been properly maintained on the primary trademark register and the marks are each inherently distinctive.

38. McLaughlin purchased the domain name, dreamchaser.com, registered it in his own name, and maintains it. McLaughlin's maintenance and use of dreamchaser.com, which uses SNC's protected DREAM CHASER marks, is unlawful.

39. McLaughlin's use and maintenance of the dreamchaser.com domain name containing the DREAM CHASER marks or confusingly similar variations thereof has been done in bad faith:

    a. McLaughlin has intentionally failed to maintain accurate contact information with his registrar for his domain name registration, resulting in false information being provided through the WhoIs database;

    b. McClaughlin has no trademark or other intellectual property rights in DREAM CHASER or any variation of that mark;

    c. The dreamchaser.com domain name uses SNC's exact inherently distinctive and famous DREAM CHASER marks, which are owned exclusively by SNC, without any meaningful variations;

d. On information and belief, McLaughlin has made no bona fide noncommercial use of the mark; and

e. McLaughlin's use of the dreamchaser.com domain is not a fair use, and on information and belief he never believed or had reasonable grounds to believe that the use of the domain name was a fair use or otherwise lawful.

40.    Accordingly, SNC is entitled to relief for cybersquatting under the cybersquatting provisions of 15 U.S.C. § 1125(d)(1)(A).

41.    McLaughlin has used the DREAM CHASER marks in the dreamchaser.com domain name after the adoption of the marks by SNC.

42.    On information and belief, such cybersquatting was done willfully and in bad faith, knowing it would result in the likely confusion and deception of others, in order to ultimately profit off the DREAM CHASER marks. Rather than searching for a web page associated with a trademark owner, many consumers regularly type in the name of the mark followed by ".com" to their web browser. It is the course and practice of sizable companies to contain information about their products and services under a mark on a webpage located by entering such domain name. This is true for Plaintiff as well.

43.    Thus, on information and belief, many of Plaintiff's customers searching for information about its DREAM CHASER goods and technology have been confused when going to the dreamchaser.com domain, only to find that it either directs elsewhere or is not a live site. On information and belief, consumers' impressions are tarnished, and consumers are confused into believing that this is a website that Plaintiff controls or directs the content of, and as a result, the lack of content is Plaintiff's doing or at its permission or instruction. McClaughlin knows this and is expecting this to happen. Nevertheless, on information and belief, McLaughlin is squatting while this situation worsens, waiting until some future date when Plaintiff has invested even more in the DREAMCHASER mark and related

business, in order to increase his perceived ability to demand payment for transfer of the domain name.

44.     SNC has suffered damages in an amount to be established after proof at trial.  SNC is also entitled to statutory damages in the amount of $100,000 for this domain name.

45.     SNC is further entitled to the disgorgement of McLaughlin's profits for any unjust enrichment from the wrongful conduct.

46.     SNC is entitled to its damages and attorneys' fees as a result of Defendants' bad-faith conduct.

47.     SNC's remedies at law are inadequate to fully compensate and protect it from the damage threatened by McLaughlin's cybersquatting, entitling it to an injunction enjoining McLaughlin's cybersquatting and directing McLaughlin and the registrar of the domain name to transfer the registration for the dreamchaser.com domain to SNC, including pursuant to 15 U.S.C. § 1125(d)(1)(C).

48.     SNC is further entitled to interim, temporary, preliminary and permanent injunctive relief barring McLaughlin or any other party or entity from transferring, gifting, cancelling or otherwise disposing of the dreamchaser.com domain name, except to SNC, and requiring said transfer to SNC to occur.

## PRAYER FOR RELIEF

WHEREFORE, SNC demands the following relief against McLaughlin and the DOE Defendants:

1.     A judgment in favor of SNC and against Defendants on all counts;

2.     Preliminary and permanent injunctive relief as requested above, including the transfer of the registration in the domain name by Defendants and/or the dreamchaser.com domain name's registrar(s);

3.     Damages in an amount to be determined at such later time as appropriate;

1    4.    Defendants' unjust enrichment and/or disgorgement of Defendants'

2    profits;

3    5.    Enhancement and trebling of damages due to willfulness and bad faith;

4    6.    Pre-judgment interest at the legally allowable rate on all amounts owed;

5    7.    Statutory damages of up to and including $100,000 pursuant to 15

6    U.S.C. § 1117(d);

7    8.    Costs, expenses and fees under, *inter alia*, 15 U.S.C. § 1117(a);

8    9.    Attorneys' fees under, among others, 15 U.S.C. §§ 1117(a) *et seq.* as an

9    exceptional case; and

10    10.    Such other and further relief as this Court may deem just and proper to

11    fully compensate SNC.

Dated:  October 21, 2016          MINTZ LEVIN COHN FERRIS GLOVSKY
                                  AND POPEO PC


                                  By  s/Andrew Skale
                                      Andrew Skale, Esq.
                                      Ben L. Wagner, Esq.


                                  *Attorneys for Plaintiff*
                                  *SIERRA NEVADA CORP.*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as to all issues that are so triable.


Dated:  October 21, 2016          MINTZ LEVIN COHN FERRIS GLOVSKY
                                  AND POPEO PC


                                  By  s/Andrew Skale
                                      Andrew Skale, Esq.
                                      Ben L. Wagner, Esq.


                                  *Attorneys for Plaintiff*
                                  *SIERRA NEVADA CORP.*

59016051v.3